IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CROSBY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0254-CVE-FHM |
| ) | |
| TAYLOR CRANE & RIGGING, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss (Dkt. # 23) of defendant Taylor Crane & Rigging, Inc. Defendant moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and seeks to enforce the forum selection clause contained in its offer to plaintiff. Plaintiff argues that the forum selection clause is not part of the contract between the parties and, accordingly, venue is proper in the Northern District of Oklahoma.

**I.**

Plaintiff owns and operates McKissick Products, a manufacturing company in Tulsa, Oklahoma, that manufactures rope fittings, crane blocks, and lifting devices. Dkt. # 23, at 2. Defendant is a Kansas-based corporation that provides "industrial moving and craning services in Kansas and Northeast Oklahoma." Id. at 1. Plaintiff's maintenance manager, Robert Gills, regularly contracted with defendant to provide moving services. Id. at 2. Since 2002, defendant had performed moves for plaintiff approximately three to four times per year. Id. It was common practice for plaintiff to contact defendant about a possible move and for defendant to visit the site and evaluate the machine that needed to be moved. Id. Defendant would then fax an offer to plaintiff. Id. Gills would review the offer and, if he approved, would call defendant

1

to accept and finalize the arrangements for defendant to perform the work. Id. Typically, no paperwork was signed until after the job was completed. Id. The offer faxed to plaintiff always included the price quote and specific terms related to the job, as well as defendant's Quote Terms and Conditions. Id. at 3.

On or about March 26, 2007, Gills contacted defendant and asked defendant to move a 34-foot Granor lathe at its Tulsa facility. Id. at 2-3. Defendant's representative, Larry Schufeldt, examined the lathe and faxed a five-page offer packet to plaintiff. Id. The packet included a "Proposal," followed by two pages of "Quote Terms and Conditions," which contained a forum selection provision.[1] Dkt. # 24, at 40-42. Gills stated that he never read the Quote Terms and Conditions attached to the proposal. Dkt. # 24, at 26. Gills reviewed defendant's bid and notified defendant that he wanted the work performed on May 1, 2007. Dkt. # 23, at 1, 3. According to plaintiff, the parties specifically discussed the method defendant was to use when moving the lathe. Dkt. # 2, at 2. Defendant denies that any specific method was ever discussed. Dkt. # 23, at 4. When defendant moved the lathe, part of it cracked and the job was not completed. Dkt. # 2, at 2. Neither party signed a contract or any paperwork relating to the May 1, 2007 move. Dkt. # 23, at 4.

Plaintiff filed a complaint on April 30, 2008 in this Court and in the District Court of Montgomery County, Kansas (Dkt. # 23, at 1), alleging the following claims for relief: (1) negligence; (2) breach of oral contract; and (3) breach of implied warranty. Dkt. # 2. Defendant

---

[1] The Quote Terms and Conditions includes the following provision: "APPLICABLE LAW. The validity, interpretation, and enforcement of this Contract will be governed by the laws of Kansas, but excluding its choice-of-law rules. Any matter concerning the validity, interpretation, enforcement, or other matters or disputes of any nature arising under, in connection with, or incident to this contract, shall be litigated, if at all, in the District Court of Montgomery County, Kansas, to the exclusion of any other courts."

2

moves to dismiss on the basis of improper venue, arguing that the contract includes an enforceable forum selection clause.[2]

**II.**

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992). On a Rule 12(b)(3) motion, the Court may consider matters outside the pleadings. See Goff v. Hackett Stone Co., 185 F. 3d 874 (10th Cir. 1999) (unpublished); see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, 471 F. 3d 544, 549-50 (4th Cir. 2006); Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundait Liberty, 408 F. 3d 1250, 1254 (9th Cir. 2005).

As an initial matter, the parties disagree as to whether a contract exists between them and, if so, which terms are included therein. Plaintiff argues that, because it never signed and returned defendant's offer, the offer was never accepted and an oral contract was formed that did not include defendant's Quote Terms and Conditions.[3] However, defendant's Quote Terms and Conditions section explicitly states that in the event defendant's offer is accepted verbally,

---

[2] Following the filing of the motion to dismiss (Dkt. # 23), plaintiff filed a response brief (Dkt. # 24) to which defendant filed a reply (Dkt. # 25). The Court is also in receipt of plaintiff's sur-reply (Dkt. # 26). Pursuant to Local Rule, supplemental briefs are "not encouraged and may be filed only upon motion and leave of Court." N.D. LCvR 7.2(h). The Court directs plaintiff's counsel to familiarize themselves with this and all other local rules. Plaintiff's sur-reply will not be considered and is stricken.

[3] The Quote Terms and Conditions provide the following: "ACCEPTANCE OF OFFER: Customers [sic] acceptance of this offer will be effective with [sic] a copy of this document signed by TAYLOR and Customer is delivered to TAYLOR. At any time prior to customer's acceptance TAYLOR may revoke this offer by giving Customer oral or written notice of revocation. Written notice will be effective upon depositing it in the United State mail, postage prepaid and properly addressed to Customer, in any event, TAYLOR's offer will terminate if not accepted within fifteen days from the Quotation Date."

3

defendant's performance of the work will be pursuant to the attached Quote Terms and Conditions.[4]

Unless otherwise specified, an offer may be accepted by "any reasonable and usual mode of acceptance."[5]  OKLA. STAT. tit. 15, § 68.  An acceptance must be "absolute and unqualified;" a qualified acceptance will be construed as a new proposal.  OKLA. STAT. tit. 15, § 71.  Here, plaintiff contacted defendant to verbally accept defendant's offer and directed defendant to access the job site to perform the work.  There is no evidence in the record indicating that plaintiff's acceptance of the offer was qualified or conditional, or that plaintiff specified that its acceptance was limited to the price quote and job specifications.  Nonetheless, plaintiff claims that because the offer included a specific method of acceptance which was not complied with, no contract was formed.  However, the Oklahoma statute cited by plaintiff clearly states that the "proposer" is not bound unless there is conformance to the prescribed method of communication of acceptance.  See OKLA. STAT. tit. 15, § 68 ("If a proposal prescribes any conditions

---

[4] The Quote Terms and Conditions state that "[i]n the event Customer gives TAYLOR verbal or written notice to access the job site to perform the work described on the attached document, but fails to signify its acceptance on the attached document, TAYLOR's performance of the work will be deemed to be pursuant to the terms and conditions of the attached Quotation and Offer form."

[5] "A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state."  Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994).  Here, the forum state is Oklahoma. Oklahoma law provides that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."  OKLA STAT. tit 15, § 162; see Harvell v. Goodyear Tire and Rubber Co., 164 P. 3d 1028, 1033-34 (Okla. 2006) ("[I]n Oklahoma, the established choice of law rule in contract actions known as lex loci contractus is that, unless the contract terms provide otherwise, the nature, validity, and interpretation of a contract are governed by the law where the contract was made.") Here, however, the issue is contract formation, not nature, validity, or interpretation.  The contract was entered into in Oklahoma for work to be performed in Oklahoma.  Accordingly, the Court will apply Oklahoma law to determine whether a contract exists and, if so, which terms are included.

4

concerning the communication of its acceptance, the proposer is not bound unless they are conformed to . . . ."). The statute does not provide that the party receiving the proposal will not be bound if the offer is not accepted pursuant to proposer's conditions. As plaintiff is not the "proposer," the statute does not apply. Because plaintiff unconditionally accepted defendant's offer, did not offer any qualifications that would result in a counter-offer, and because an offer may be accepted by any reasonable means, the Court finds that a contract was formed between the parties that includes defendant's Quote Terms and Conditions.[6]

### III.

Having determined that the parties formed a contract containing a forum selection clause, the Court now considers whether that provision is enforceable. Forum selection clauses are presumed to be valid and the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). The party resisting enforcement of a forum selection provision "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." Riley v. Kingsley Underwriting Agencies,

---

[6] Plaintiff concedes that there is a contract between the parties that is limited to the "words and language on the four corners of the Quote and Offer form or Proposal page become the entirety of the contract between the parties." Dkt. # 24, at 6. On that basis, plaintiff argues that the entire agreement is limited to the price and description of the work to be performed. However, plaintiff fails to mention that the Proposal page also includes a provision stating that "I, the undersigned, have Received, Read, Understand, and Agree to the included Terms and Conditions Governing this Lease." Dkt. # 24, at 40. Plaintiff admits that it received the Quote Terms and Conditions pages attached to the Proposal. Dkt. # 24, at 4. Plaintiff cannot claim that the Proposal page represents the entirety of the agreement and then argue that it is not bound by the Quote Terms and Conditions, specifically incorporated on the Proposal page.

5

Ltd., 969 F.2d 953 (10th Cir. 1992). The Tenth Circuit has found that forum selection clauses fall into two general categories - mandatory or permissive. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997). A mandatory selection clause must contain "clear language showing that jurisdiction is appropriate only in the designated forum." Id. (quoting Thompson v. Founders Group Int'l, 886 P.2d 904, 910 (Kan. Ct. App. 1994)). A permissive forum selection clause permits suit to be brought in a particular jurisdiction, but does not prevent the parties from litigating in a different forum. SKKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578 (10th Cir. 1997).

Here, the forum selection clause states that "disputes of any nature arising under, in connection with, or incident to this contract, shall be litigated, if at all, in the District Court of Montgomery County, Kansas, to the exclusion of any other courts." Dkt. # 24, at 42. The language employed is specific and displays a clear intent to litigate any claims related to the contract in the District Court of Montgomery County, Kansas only. The Court finds that the forum selection clause in this case is mandatory because of the clear language in the contract limiting the parties to one forum. See American Soda, LLP v. U.S. Filter Wastewater Group, 428 F.3d 921, 927 (10th Cir. 2005) (when the parties specify a particular venue and use the obligatory word "shall," the district court should construe the forum selection clause as mandatory); K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494 (10th Cir. 2002) (when forum selection clause uses obligatory language that limits venue to a particular forum, the clause is uniformly treated as mandatory).

Where a forum selection clause is found to be mandatory, the burden is on plaintiff to show that enforcement of the forum selection clause would be unreasonable. Excell, Inc., 106 F.3d at 321. Plaintiff argues that it did not demonstrate any intent to be bound to the

6

"Applicable Law" provision, but provides no convincing argument why it would be unreasonable to litigate this case in Montgomery County, Kansas. In fact, plaintiff filed suit in that county court on the same date this action was filed. Accordingly, plaintiff has not met its "heavy burden" to prove that the forum selection clause included in the Quote Terms and Conditions is unenforceable. Therefore, the Court finds that plaintiff must litigate its claims against defendant in the District Court of Montgomery County, Kansas.

**IT IS THEREFORE ORDERED** that Defendant Taylor Crane & Rigging, Inc.'s Motion to Dismiss (Dkt. # 23) is **granted**. A separate judgment of dismissal will be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Sur-Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support (Dkt. # 26) is **stricken.**

**DATED** this 26th day of November, 2008.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT