**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE CROSBY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0254-CVE-FHM |
| ) | |
| TAYLOR CRANE & RIGGING, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is plaintiff's Motion for Reconsideration of the Court's Opinion and Order Dismissing Plaintiff's Case and Brief in Support (Dkt. # 29), filed on December 11, 2008. The Court previously entered an Opinion and Order on November 26, 2008 (Dkt. # 27) granting defendant's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Plaintiff now argues that the Court, in granting defendant's motion, made an incorrect determination of which provisions were included in the agreement between the parties. For the foregoing reasons, plaintiff's motion to reconsider is denied.

**I.**

Plaintiff filed a complaint on April 30, 2008 in this Court and in the District Court of Montgomery County, Kansas (Dkt. # 23, at 1), alleging the following claims for relief: (1) negligence; (2) breach of oral contract; and (3) breach of implied warranty. Dkt. # 2. Defendant moved to dismiss for improper venue and sought enforcement of a forum selection clause contained within the "Quote Terms and Conditions" defendant sent to plaintiff. Dkt. # 23. Plaintiff argued that the forum selection clause designating Montgomery County, Kansas was not part of the contract between the parties and, accordingly, venue is proper in the Northern

District of Oklahoma. Dkt. # 24. The Court granted defendant's motion and found that plaintiff, by agreeing to the "Proposal," also agreed to the "Quote Terms and Conditions." Dkt. # 27. Plaintiff now seeks reconsideration of the Court's decision, again arguing that they agreed only to the Proposal page and did not agree to any provisions contained within the Quote Terms and Conditions.

## II.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion to reconsider is filed within the ten days permitted by Rule 59(e), it is treated as a motion amending a judgment; if it is filed after the ten day period has elapsed, it is treated as a motion under Rule 60(b). Id. Here, plaintiff's motion was not filed within ten days (excluding weekends and legal holidays) after entry of the judgment of dismissal. Accordingly, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is untimely. See Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). The Court will treat plaintiff's motion to reconsider as a motion seeking relief from judgment pursuant to Rule 60(b).

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (quotation omitted). A party may show "exceptional circumstances" if it can satisfy one or more of the grounds for relief set forth in Rule 60(b). Van Skiver, 952 F.2d at 1243-44. Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) "is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts." Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

Here, plaintiff cannot satisfy the stringent requirements of Rule 60(b). As previously explained in the Opinion and Order (Dkt. # 27), plaintiff cannot claim that the "Proposal" (or "Quotation and Offer"[1]) represents the entirety of the agreement, and at the same time argue that it should not be bound by the "Terms and Conditions," which are specifically incorporated on the face of the Proposal page. See Dkt. # 29-4. Pursuant to Rule 60(b), a district court does not abuse its discretion by refusing to reconsider arguments that have already been considered and rejected. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that a Rule 60(b) motion is an inappropriate vehicle to "revisit issues."). Nonetheless, in an abundance of caution, the Court has again reviewed the "Proposal" and the "Quote Terms and

---

[1]  Plaintiff correctly notes a minor transcription error on the top of page 4 of the Opinion and Order where the phrase "Quotation and Offer" was substituted for the phrase "Quote Terms and Conditions." The footnote following that sentence correctly identifies the provision as the "Quotation and Offer." The error noted is purely typographical and had no bearing on the Court's reasoning in reaching a decision on defendant's motion to dismiss.

3

Conditions" and again finds that plaintiff, by agreeing to the "Proposal," was also bound by the provisions of the "Quote Terms and Conditions;" the "Quote Terms and Conditions" include the "Applicable Law" provision. Plaintiff offers no new evidence suggesting that the Court's initial assessment of the enforceability of the forum selection clause was incorrect. Accordingly, because plaintiff fails to satisfy any of the "exceptional circumstances" set forth in Rule 60(b), plaintiff has not shown that extraordinary relief under Rule 60(b) is justified.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration of the Court's Opinion and Order Dismissing Plaintiff's Case and Brief in Support (Dkt. # 29) is **denied**.

**DATED** this 8th day of January, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT